IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ELIZABETH ARDELL GRACE RONSHAUGEN,<br><br>Defendant. | CR 21–117–BLG–DLC<br><br><br><br>ORDER |

Before the Court is Defendant Elizabeth Ardell Grace Ronshaugen's Motion for Early Termination of Supervision. (Doc. 94.) The United States opposes. (Doc. 95.) For the reasons below, the Court denies the Motion subject to renewal once Ronshaugen has served two-thirds of her term of supervised release.

## BACKGROUND

On June 29, 2022, Ronshaugen was sentenced for possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1). (Doc. 63.) The Court sentenced Ronshaugen to 48 months imprisonment. (*Id.* at 2.) The Court also imposed five years of supervised release. (*Id.* at 3.) In March 2024, the Court granted Ronshaugen's motion for sentence reduction and reduced Ronshaugen's sentence of imprisonment to 42 months. (Doc. 91.) Ronshaugen began her term of supervised release on March 29, 2024. (Doc. 95.)

1

## DISCUSSION

A court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In determining whether to terminate a term of supervised release, courts consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3564. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*United States v. Smith*, 219 F. App'x 666, 667 (9th Cir. 2007) (unpublished).

Ronshaugen has served approximately 28 months of supervision, so she is eligible for early release. Ronshaugen argues that the § 3553(a) factors support early release because she has remained full compliance with the conditions of her supervised release and utilized the time to aggressively pursue her personal and professional goals. (Doc. 94 at 1.) Specifically, Ronshaugen graduated with an associate's degree and is currently pursuing a bachelor's degree in social work.

(*Id.*) She has maintained steady employment and is currently seeking employment as a Licensed Addiction Counselor Candidate. (*Id.*)

The Government opposes early termination, highlighting the seriousness of Ronshaugen's underlying offense. (Doc. 95.) The Government asserts that Ronsaugen has not demonstrated circumstances that warrant early release. (*Id.* at 3.)

The Court finds that the § 3553(a) factors do not support early termination of supervised release at this time. While the Court commends Ronshaugen's continued sobriety and employment, her offense conduct was very serious. The Court believes continued supervision is necessary but would consider a renewed motion once Ronshaugen has served forty months of supervised release.

Accordingly, IT IS ORDERED that Defendant Elizabeth Ardell Grace Ronshaugen's Motion (Doc. 94) is DENIED.

DATED this 22nd day of July, 2026.

Dana L. Christensen, District Judge
United States District Court

3